**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-1450**

---

UNITED STATES OF AMERICA EX REL. ROBERT SCOTT DILLARD,

　　　　　Plaintiff – Appellant,

　　　v.

FLUOR CORPORATION, INC.; FLUOR ENTERPRISES, INC.; FLUOR INTERCONTINENTAL, INC.,

　　　　　Defendants – Appellees.

---

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Joseph Dawson, III, District Judge.  (6:16-cv-02948-JD)

---

Submitted:  May 31, 2023　　　　　　　　　Decided:  December 13, 2023

---

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** W. Tucker Brown, WHATLEY KALLAS, LLC, Birmingham, Alabama, for Appellant.  Mark C. Moore, Konstantine P. Diamaduros, NEXSEN PRUET LLC, Columbia, South Carolina; John P. Elwood, Craig D. Margolis, Tirzah S. Lollar, Christian D. Sheehan, ARNOLD & PORTER KAYE SCHOLER LLP, Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Scott Dillard appeals the district court's order granting summary judgment in favor of Fluor Corporation, Inc.; Fluor Enterprises, Inc.; and Fluor Intercontinental, Inc. (jointly, "Fluor"), on Dillard's complaint alleging a claim of retaliation in violation of the anti-retaliation provision of the False Claims Act, 31 U.S.C. § 3730(h). On appeal, Dillard argues that the district court erred by granting summary judgment in Fluor's favor, contending that he made a prima facie showing of retaliation and that a genuine issue of material fact exists regarding whether Fluor's proffered reasons for his termination due to a reduction in force ("RIF") were pretextual. For the following reasons, we affirm.

We review "a district court's grant of summary judgment de novo." *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011). "If the record, so viewed, gives rise to genuine factual disputes . . . , then those questions must be resolved by a jury, not on summary judgment." *Dean v. Jones*, 984 F.3d 295, 301-02 (4th Cir. 2021). "A dispute is genuine for these purposes so long as a reasonable jury could resolve it in [the nonmovant's] favor." *Id.* at 302 (internal quotation marks omitted).

The False Claims Act (FCA) "is designed to discourage contractor fraud against the federal government." *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). Indeed, the

2

FCA includes a provision that protects whistleblowers from retaliatory adverse employment actions. 31 U.S.C. § 3730(h)(1). To bring a successful retaliation claim under the FCA, a plaintiff must make a prima facie showing that (1) he engaged in protected activity by acting to prevent a violation of the FCA; (2) his employer knew of the protected activity; and (3) his employer took adverse action against him as a result of the protected activity. *Glynn*, 710 F.3d at 214.

If the plaintiff establishes a prima facie case of retaliation, the burden then shifts to the employer to articulate a legitimate, non-retaliatory basis for the adverse employment action. *See Walton v. Harker*, 33 F.4th 165, 177-78 (4th Cir. 2022) (discussing retaliation claims in context of Title VII); *Lestage v. Coloplast Corp.*, 982 F.3d 37, 47 (1st Cir. 2020) (applying framework to FCA action). If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by showing that the employer's purported non-retaliatory reasons were pretextual. *Walton*, 33 F.4th at 178; *Lestage*, 982 F.3d at 47.

Even assuming Dillard could establish a prima facie case of retaliation, he cannot show that Fluor's non-retaliatory reason for his termination was pretextual. Fluor terminated Dillard because, after it realigned the organization, his position was no longer necessary. To establish pretext, Dillard must show that this reason was "dishonest or not the real reason for his termination." *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 722 (4th Cir. 2013). None of the evidence on which Dillard relies supports an inference of pretext.

First, the three-month gap between his complaint and his termination is too long a time to raise a causal inference. *See Roberts v. Glenn Industrial Grp., Inc.*, 998 F.3d 111,

3

123 (4th Cir. 2021).  Second, Dillard's speculation that Mark O'Neill purposefully delayed the reduction in force (RIF) to allow Gregg Gross to take over and include Dillard in the RIF is not supported by the record.  Third, the fact that Dillard was not included in the RIF planning documents and was not informed of his dismissal until after others raises no pretextual inference because Dillard himself drafted the RIF planning documents and was informed about his inclusion in the RIF after he was added.  It is similarly unsurprising that Dillard was not tasked with signing his own termination paperwork.  Finally, Dillard contends that the investigator assigned to his retaliation complaint requested that the RIF be extended until the investigation was complete, but that did not occur.  Even if true, this evidence fails to establish that Fluor's non-retaliatory reason for terminating Dillard was not its true reason.  Fluor had already determined that his position was no longer needed.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*